IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff-Appellee,** | : | |
| **vs.** | : | **Case No. 14-4204** |
| **DIERE R. DEJOURNETT,** | : | |
| **Defendant-Appellant.** | : | |

Direct Appeal from a Criminal Judgment
Entered In the United States District Court
for the Northern District of Ohio (Akron)
Docket No. 5:13cr00513(001)
(Sara Lioi, District Judge)

---

**CORRECTED BRIEF OF DEFENDANT-APPELLANT**

---

DENNIS C. BELLI
2 Miranova Place, Suite 500
Columbus, Ohio 43215-7052
Phone:(614) 300-2911
Fax: (888) 901-8040
Email: dennis@bellicriminaldefense.com
ATTORNEY FOR DEFENDANT-
APPELLANT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . iii

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.    THE RECORD ON APPEAL DOES NOT SUPPORT THE DISTRICT
        COURT'S ASSESSMENT OF TWO CRIMINAL HISTORY POINTS
        UNDER U.S.S.G. §4A1.1(d) FOR COMMITTING THE INSTANT
        FEDERAL OFFENSE WHILE UNDER A CRIMINAL JUSTICE
        SENTENCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    II.    THE DISTRICT COURT'S DENIAL OF DEJOURNETT'S REQUEST
        TO NOT SEAL HIS PLEA AGREEMENT AND TO MAINTAIN IT AS
        A PUBLIC RECORD ON THE PACER SYSTEM WAS AN ABUSE OF
        DISCRETION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS. . . . . . . 20

i

# <u>TABLE OF AUTHORITIES</u>

**Cases:**

*Harris v United States*, 204 F.3d 681 (6th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 11-12

*In re Search of Fair Finance*, 692 F.3d 424 (6th Cir. 2012) . . . . . . . . . . . . . . . . 16

*Nixon v. Warner Communications*, 435 U.S. 589 (1978). . . . . . . . . . . . . . . . . . . 16

*Press-Enterprise Co. v. Superior Court,* 478 U.S. 1 (1986). . . . . . . . . . . . . . . . . 16

*United States v. Bernal-Aveja*, 414 F.3d 625 (6th Cir. 2005). . . . . . . . . . . . . . . 13

*United States v. Gay*, Nos. 98-4178, 98-4179, 198 F.3d 247 (Table), 1999WL1111517 (6th Cir. Nov. 24, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 14

*United States v. Johnson*, 43 F.3d 1211 (8th Cir. 1995). . . . . . . . . . . . . . . . . . . 13-15

*United States v. Miller*, 56 F.3d 719 (6th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Simmons*, No. 89-1193, 884 F.2d 581, 1989WL98702, at *1 (Table) (6th Cir. Aug. 25, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991) . . . . . . . . . . . . . . 16

**Statutes:**

Ohio Revised Code §4511.19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**Other Authorities:**

Fed. R. Crim. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-17

U.S.S.G. §4A1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

U.S.S.G. §4A1.1, comment. (n. 4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## <u>STATEMENT IN SUPPORT OF ORAL ARGUMENT</u>

Defendant-Appellant believes oral argument should be heard because the issues raised in this appeal require further explication beyond the written brief, and oral argument will facilitate the decision-making process. Wherefore, Defendant-Appellant prays that this Court will grant oral argument pursuant to Local Rule 9.

# JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of Ohio (at Akron) acquired subject matter jurisdiction in Case No. 5:13cr00513 on October 24, 2013 when a Special Agent of the Drug Enforcement Administration filed a felony complaint charging Defendant-Appellant Diere R. DeJournett ("DeJournett") with conspiracy to distribute cocaine. Jurisdiction was based on 18 U.S.C. §3231, which grants federal district courts exclusive original jurisdiction over all offenses against the laws of the United States.

The district court filed its criminal judgment on November 20, 2014. DeJournett filed a timely notice of appeal from that judgment on December 4, 2014. The notice of appeal was docketed in this Court under Case No. 14-4204.

Appellate jurisdiction is based on: a) 28 U.S.C. § 1291, which grants the circuit courts of appeals authority to review a judgment of a district court and b) 18 U.S.C. § 3742(a)(1) and (2), which grant circuit courts the authority to review a final sentence that was imposed in violation of law and/or as a result of an incorrect application of the United States Sentencing Guidelines.

## <u>STATEMENT OF THE ISSUES</u>

I.  Whether the record on appeal supports the district court's assessment of two criminal history points under U.S.S.G. §4A1.1(d) for committing the instant federal offense while under a criminal justice sentence?

II. Whether the district court's denial of Dejournett's request to not seal his plea agreement and maintain it as a public record on the PACER system was an abuse of discretion?

## STATEMENT OF THE CASE

In December 2012, the Akron, Ohio Police Department received an anonymous tip that DeJournett was trafficking in cocaine. Over the ensuing eleven months, a drug task force conducted extensive surveillance of his activities. The investigation culminated in the execution of search warrants for DeJournett's primary residence and two suites he maintained at another address. The agents seized a relatively small amount of cocaine, a handgun, and several empty kilogram wrappers. (Affidavit, R. 1-1, Page ID##4-7)

Following the search, a special agent of the DEA filed a complaint in the United States District Court for the Northern District of Ohio charging DeJournett with conspiracy to distribute cocaine, and possession with intent to distribute cocaine. (Complaint, R. 1, Page ID#1) The grand jury thereafter indicted him for one count of conspiracy to distribute five or more kilograms of cocaine, and one count of being a felon in possession of a firearm. (Indictment, R. 10, Page ID#21) A superseding indictment added a third count of money laundering against DeJournett. (Superseding Indictment, R. 18, Page ID#67)

The government subsequently filed an information alleging that DeJournett has prior convictions for felony drug offenses. (Information, R. 106, Page ID#454) This filing had the effect of increasing the mandatory minimum prison term for the conspiracy count from ten years to twenty years. *See* 21 U.S.C. §851.

3

After a protracted round of pretrial litigation, DeJournett agreed to plead guilty to the conspiracy and money laundering counts pursuant to a plea agreement with the government. The agreement did <u>not</u> include a cooperation or substantial assistance clause. (Plea Agreement, R. 169, Page ID#1488)

The change of plea hearing was uncontroversial except in one respect. Defense counsel asked the district judge not to seal the plea agreement. (Sent. Tr., R. 257, Page ID#2374-75) He explained the act of sealing a plea agreement "sends out a message to the community that he cooperated with the government." (*Id.* at Page ID##2377-78) The district judge stated she had a blanket policy of sealing plea agreements and declined defense counsel's request. (*Id.*) This ruling is the subject of Issue II of this appeal.

A presentence investigation report ("PSR") was prepared. The probation officer computed a total of eight criminal history points. (PSR, R. 238, Page ID#2276) She arrived at this number by assessing 1) an aggregate of five points for DeJournett's state and federal felony drug prison terms from 2002 and 2003; 2) one point for his 2010 sentence for driving under the influence ("DUI"); and 3) two points for committing the instant federal offense "while under a criminal justice sentence" in connection with the DUI case. (*Id.* at Page ID#2275-76)  The eight points placed DeJournett in Criminal History Category IV. (*Id.* at Page ID#2276)

DeJournett communicated his objection to the latter two-point assessment to the probation officer. He asserted that the language in the DUI disposition requiring him to "obey laws for two years" did not qualify as a "criminal justice sentence" under U.S.S.G. §4A1.1(d). (*Id.* at Page ID#2284)

In an addendum to the final PSR, the probation officer defended the two-point assessment on the premise that unsupervised probation is included in the definition of a "criminal justice sentence" under Application Note 4 of the Guideline commentary to §4A1.1. She reasoned that the "obey laws for two years" language is "similar" to unsupervised probation. (*Id.*)

DeJournett's counsel reiterated the objection in a sentencing memorandum. The memorandum includes an expanded argument regarding the reasons why the "obey laws for two years" requirement is not a form of unsupervised probation. Counsel pointed out that deletion of the two points would lower his client's criminal history category from IV to III.  (Defendant's Sent. Memo., R. 237, Page ID##2249-52).

Counsel emphasized that although this change would not affect the 20-year mandatory minimum imprisonment term or advisory Guideline range, it "could have a significant impact on [DeJournett's] Bureau of Prison security designation and could be the difference between him being classified as a low security level (12 - 15 points) a medium security level (16 - 23 points). He attached documentation from the Bureau of Prisons supporting his position. (*Id.* at Page ID##2256-57)

The district judge orally denied DeJournett's objection during the sentencing hearing. She reasoned that the "obey laws for two years" language was "the functional equivalent of unsupervised probation," and therefore qualified as a "criminal justice sentence." (Sent. Tr., R. 258, Page ID#2401) This ruling is the subject of Issue I of this appeal.

The district judge sentenced DeJournett to the 20-year mandatory minimum prison term, and a ten-year term of supervised release. (Judgment, R. 239, Page ID#2286) This timely appeal followed. (Notice of Appeal, R. 242, Page ID#2302)

## SUMMARY OF THE ARGUMENT

In **Part I** of the Argument, DeJournett challenges the district court's denial of his objection to the PSR's assessment of two criminal history points under U.S.S.G. §4A1.1(d) for committing the instant federal offense while under a "criminal justice sentence." The sentence at issue is an order entered by an Ohio municipal court in a misdemeanor DUI prosecution requiring DeJournett to "obey laws for two years."

The application note to §4A1.1 states that unsupervised probation qualifies as a "criminal justice sentence." The district judge reasoned that the municipal court's order is "the functional equivalent of unsupervised probation." DeJournett submits that the district judge lacked a factual basis for reaching this determination.

It is well settled that the government bears the burden of proving a Guideline sentencing enhancement, including issues relating to the defendant's prior criminal history. Before a defendant may be assessed points under §4A1.1(d), the government must prove that a probationary term, supervised or unsupervised, was <u>actually</u> imposed as part of the sentence. The government failed to satisfy its burden in DeJournett's case.

There is no factual information in the record regarding sentencing practice in the Ohio court that entered the order. The probation officer did not contact the municipal court's probation department to ascertain whether an "obey laws" order is a shorthand designation for unsupervised probation. The government did not call a

witness with knowledge of the matter. The district judge did not cite any appellate ruling, state or federal, equating an "obey laws" order to unsupervised probation or a conditional discharge. In light of this record, any doubts regarding the countability of the DUI sentence must be resolved in DeJournett's favor.

Although the erroneous computation of DeJournett's criminal history score did not affect the length of his prison term, it will adversely affect his security level and the conditions of his confinement. The error therefore is not harmless.

In **Part II** of the Argument, DeJournett challenges the district court's denial of his request to not seal his plea agreement and to maintain the document as a public recond on the district court's PACER system. The Supreme Court has recognized a First Amendment and common law presumption of public access to court documents. The courts of appeals have held that this presumption extends to plea agreements. Moreover, the Criminal Rules provide that a plea agreement must be disclosed in open court unless good cause exists for submitting it *in camera*.

The presumption of public excess may be overcome only if specific findings are made on the record that sealing the plea agreement is essential to preserve an overriding compelling interest and is narrowly tailored to serve that interest. The government did not assert such an interest. On the contrary, it did not raise any objection to DeJournett's request.

The district judge based her ruling on a blanket policy of keeping plea agreements, regardless of their content, under seal. Her reliance on this policy fails to comply with the "specific findings" requirement for overcoming the presumption of public access. A blanket policy of sealing plea agreements in every case also fails to satisfy the "good cause" standard of the Criminal Rules. For these reasons, the ruling was an abuse of discretion.

## ARGUMENT

**I.**    **THE RECORD ON APPEAL DOES NOT SUPPORT THE DISTRICT COURT'S ASSESSMENT OF TWO CRIMINAL HISTORY POINTS UNDER U.S.S.G. §4A1.1(d) FOR COMMITTING THE INSTANT FEDERAL OFFENSE WHILE UNDER A CRIMINAL JUSTICE SENTENCE.**

●*Standard of Review*: This Court reviews *de novo* the district court's interpretation and application of the criminal history counting rules in U.S.S.G. §4A1.1. *United States v. Miller*, 56 F.3d 719, 721 (6th Cir. 1995).

U.S.S.G. §4A1.1(d) requires the addition of two criminal history points to a defendant's criminal history score "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Application Note 4 under the Guideline commentary provides the following explanation of the meaning of "criminal justice sentence":

> For the purposes of this subsection, a "criminal justice sentence" means a sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply. For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included.

In denying DeJournett's objection to the two-point assessment under §4A1.1(d) for his Ohio DUI sentence, the district judge reasoned that "the sentence in Barberton Municipal Court, which was a suspended sentence upon condition of the defendant

10

obeying laws for two years, is the functional equivalent of unsupervised probation because its is . . . a conditional discharge." She cited this Court's opinion in *Harris v. United States*, 204 F.3d 681 (6th Cir. 2000) in support of her ruling. (Sent. Tr., R. 258, Page ID#2401)

In *Harris,* the defendant's post-conviction petition asserted that defense counsel was ineffective for failing to challenge the inclusion of two Ohio misdemeanor "PNC" sentences in the calculation of his criminal history score. At the time of sentencing, the Guidelines provided that the misdemeanor sentences in question were countable only if they consisted of a sentence of probation for at least one year or imprisonment for at least 30 days. Harris argued that his "PNC" sentences did not qualify as sentences of probation.

This Court rejected Harris' challenge for the following reasons:

> The contention is wrong. Although Mr. Harris was not sentenced to supervised probation, he was sentenced to "2 years PNC" on one conviction and "1 year PNC" on the other. Ohio courts use "PNC" as shorthand for "provided no convictions" - a condition on which a sentence of imprisonment is suspended. See *City of Columbus v. Davis*, No. 93APC08-1170, 1993 WL 531290, at *1 (Ohio App. Dec. 23, 1993). As a form of conditional discharge, a PNC sentence is the "functional equivalent of unsupervised probation." *United States v.Gay*, Nos. 98-4178, 98-4179, 1999 WL 1111517, at **6-7 (6th Cir. Nov. 24, 1999); cf. *United States v. Miller*, 56 F.3d 719, 721-22 (6th Cir. 1995). A sentence of one or more years "PNC" thus qualifies under § 4A1.1(c) as a term of probation of at least one year. See *Gay*, 1999 WL 1111517, at **7.

*Id.* at 682-83.

11

*Harris* is readily distinguishable from DeJournett's case for the following reasons. In reaching the conclusion that a "PNC" sentence was the "functional equivalent" of "unsupervised probation," the hearing panel did not act in a vacuum. It expressly relied upon the earlier ruling in *United States v. Gay*, Nos. 98-4178, 98-4179, 198 F.3d 247 (Table), 1999 WL 1111517 (6th Cir. Nov. 24, 1999).

The opinion in *Gay* discloses that after the defendant objected to the inclusion of a "PNC" sentence in his criminal history score, the probation officer made a specific inquiry to the municipal court officials regarding the nature of such a sentence under local practice and incorporated his findings in an addendum to the final PSR: "According to Franklin County Municipal Court, Probation Department, one year PNC is the functional equivalent to one year of non-supervised probation." *Id.* at *7. The hearing panel in *Gay* concluded that this inquiry provided an adequate factual basis for the district court to conclude that "PNC" is a shorthand term under local practice for unsupervised probation. *Id.*

The hearing panel in *Harris* ( without explicitly citing the doctrine) took judicial notice of the findings in *Gay* regarding local sentencing practice in the <u>same</u> municipal court that entered the "PNC" sentences in Mr. Harris' misdemeanor cases. Because DeJournett's DUI conviction was entered in a <u>different</u> jurisdiction, the judicial findings in *Harris* and *Gay* are not controlling.

12

The resolution of DeJournett's appellate challenge turns on the allocation of the burden of proof regarding contested sentencing issues. It is well settled that the government bears the burden of proving any sentencing enhancement. *United States v. Bernal-Aveja*, 414 F.3d 625, 627 (6th Cir. 2005). The rule applies to Guideline issues involving prior criminal history. *Id.*

Thus, when state or local law "allows, but does not require, a sentencing court to impose a term of probation along with staying imposition of sentence," the government must prove that a probationary term, supervised or unsupervised, was actually imposed. *United States v. Johnson*, 43 F.3d 1211 (8th Cir. 1995). The facts and analysis in *Johnson* are instructive.

Mr. Johnson's PSR assigned him one criminal history point for a state misdemeanor sentence consisting of "a stay of imposition of sentence for one year . . . on the condition that he refrain from committing the same or similar offenses[.]" The district court overruled Johnson's objection to the counting of this sentence.

Johnson appealed the court's ruling on the ground that "where imposition of sentence is stayed, without an accompanying term of probation, such disposition does not constitute a sentence of probation." *Id.* at 1215. He pointed out that under state law, "the trial court had the discretion to sentence him to formal or informal probation as a condition of staying imposition of his sentence, but chose to do neither and thus his sentence falls short of 'a term of probation'[.]" *Id.*

13

The Eighth Circuit agreed with Johnson. It cited a state sentencing statute authorizing a sentencing court to stay a misdemeanor jail term. The statute provided that the court "may" impose a term of probation along with the stay. In concluding that Johnson's sentence was not the equivalent of unsupervised probation, the panel explained "Johnson was required to avoid further similar offenses as a condition of a stay of imposition of sentence, but this does not elevate the disposition to a *de facto* term of probation given the fact that the sentencing court did not impose this requirement as 'a term of probation.'" *Id.*

 DeJournett's case is analogous to *Johnson*. The Ohio DUI statute requires the court to impose a term of community control (probation) <u>only</u> if it chooses to suspend the mandatory three-day jail term and substitute, in its place, a three-day certified driver's intervention program. *See* Ohio Revised Code §4511.19(G)(1)(a)(i).

The PSR indicates the municipal court suspended only the non-mandatory 177 days of DeJournett's 180-day sentence. (PSR, R. 238, Page ID#2275) It therefore had no duty under the statute to impose unsupervised probation as a condition of suspension of the jail term.

Unlike the factual posture in *Gay*, the addendum to DeJournett's PSR does not disclose any effort by the probation officer to make an inquiry to the local court officials regarding the meaning of an "obey laws" suspension. (*Id.* at Page ID#2284) The government failed to call a witness with knowledge of local practice in that court.

The district judge did not cite any appellate ruling, state or federal, equating an "obey laws" suspension to unsupervised probation or a conditional discharge.

In sum, due to the lack of factual information in the record to support a finding that the state court actually imposed an unsupervised term of probation, any doubts regarding the countability of the DUI sentence must be resolved in DeJournett's favor. *Johnson.*

It is true that the miscalculation of DeJournett's criminal history score did not affect the length of his prison term. However, this Court has held that a defendant must bring any inaccuracies in the PSR, including errors that may increase his security level and adversely affect his conditions of confinement, to the attention of the district court at the time of sentencing. *United States v. Simmons*, No. 89-1193, 884 F.2d 581, 1989WL98702, at *1 (Table) (6th Cir. Aug. 25, 1989) (collecting cases).

The documentation attached to DeJournett's sentencing memorandum indicates the Bureau of Prisons incorporates the inmate's total criminal history points into the calculation of his security level. (Defendant's Sent. Memo., R. 237, Page ID#2256-57) Because this direct appeal is his only avenue for correcting the criminal history scoring in the PSR, *Simmons*, the error cannot be deemed harmless.

## II.    THE DISTRICT COURT'S DENIAL OF DEJOURNETT'S REQUEST TO NOT SEAL HIS PLEA AGREEMENT AND TO MAINTAIN IT AS A PUBLIC RECORD ON THE PACER SYSTEM WAS AN ABUSE OF DISCRETION.

● *Standard of Review*: A district court order regarding the sealing of a judicial record is reviewed for an abuse of discretion. *In re Search of Fair Finance*, 692 F.3d 424, 431 (6th Cir. 2012).

The First Amendment guarantees the public a general right of access to criminal proceedings and court records unless there are compelling reasons demonstrating why it cannot be observed. *Fair Finance*, at 429, citing *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1 (1986). The federal courts have recognized a common law presumption of access to judicial records. *Id.* at 431, citing *Nixon v. Warner Communications*, 435 U.S. 589 (1978).

The constitutional and common law rights of public access to judicial records extend to plea agreements. *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991) (collecting cases). The presumption of public excess may be overcome only if specific findings are made on the record that sealing the plea agreement is essential to preserve an overriding compelling interest and is narrowly tailored to serve that interest. *Id.* at 290-92.

These principles are incorporated in the Criminal Rules. Fed. R. Crim. P. 11(c)(2) states that "[t]he parties must disclose the plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement in camera."

16

Neither the prosecution nor the defense made a request under Rule 11(c)(2) to disclose the plea agreement *in camera*. On the contrary, DeJournett's counsel was very emphatic that he wanted the plea agreement accessible to the public on the PACER system. (Guilty Plea Tr., R. 257, Page ID#2375)

Defense counsel pointed out that the plea agreement did <u>not</u> include any sensitive provisions, such as a cooperation clause. He emphasized that "[t]he government has no legitimate reason in sealing it. The Court certainly has no interest in sealing it. And we have no interest in sealing it." (*Id.* at Page ID#2375). The government did not express any disagreement with defense counsel's position.

The district judge responded that "[i]ts just been my policy, whether - - *no matter what these agreements provide*, to make them accessible to the Court and the parties only." (*Id.* at Page ID#2374, emphasis supplied) She referred to "specific reasons" for her policy, but did not recite those reasons into the record.  (*Id.* at Page ID#2377)

A district judge's reliance on a blanket policy of sealing plea agreements, regardless of their content, fails to comply with the "specific findings" requirement for overcoming the presumption of public access. A blanket policy also fails to satisfy the "good cause" standard of Criminal Rule 11.[1] Under the circumstances, the district

---

[1]The district judge's policy also appears to violate N.D. Ohio L. Cr.  R.  49.4, which states that "[n]o document will be accepted for filing under seal unless a statute, court rule, or prior court order authorizes the filing of sealed documents. If

judge abused her discretion when she denied DeJournett's request to not seal the plea agreement and maintain it as a public document on the PACER system.

## CONCLUSION

For the foregoing reasons, DeJournett asks this Court to remand his case to the district court with instructions to grant him the following relief: 1) an order correcting the final PSR to reflect a criminal history score of 6 points and a criminal history category of III, and 2) an order unsealing his plea agreement.

s/Dennis C. Belli
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

no statute, rule, or prior order authorizes filing under seal, the document will not be filed under seal."

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief has been produced in 14-point Times New Roman font and consists of 18 pages. It therefore complies with the 30-page limit of Fed. R. App. P. 32 for opening briefs.

s/Dennis C. Belli_____
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2015, I electronically filed the foregoing with the Clerk of this Court using the ECF system, which will send notification and a copy of such filing to Samuel A. Yanucci, Assistant United States Attorney, Attorney for Plaintiff-Appellee United States of America.

s/Dennis C. Belli_____
DENNIS C. BELLI
ATTORNEY FOR DEFENDANT-
APPELLANT

19

## <u>DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS</u>

Defendant-Appellant, pursuant to Loc. R. 28(d), hereby designates the following district court documents that are relevant to this appeal:

Docket No. 5:13cr00513(001):

| Description of Document | Date Filed | Record No. | Page ID# Range |
|---|---|---|---|
| Docket Sheet | N/A | N/A | N/A |
| Superseding Indictment | 01/09/2014 | 18 | 67-87 |
| Plea Agreement | 08/21/2014 | 169 | 1488-1508 |
| Defendant's Sentencing Memorandum | 11/14/2014 | 237 | 2248-58 |
| Judgment | 11/20/2014 | 239 | 2286-92 |
| Notice of Appeal | 12/04/2014 | 242 | 2302 |
| Guilty Plea Transcript | 05/06/2015 | 257 | 2336-79 |
| Sentencing Transcript | 05/06/2015 | 258 | 2380-2426 |